```
C98VGUAP                         Plea
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                                    10 CR 476 (TPG)

ANTHONY GUARINO,

          Defendant.

------------------------------x

                                New York, N.Y.
                                August 7, 2012
                                4:25 p.m.

Before:

               HON. THOMAS P. GRIESA,

                            District Judge

                  APPEARANCES

PREET BHARARA,
    United States Attorney for the
    Southern District of New York
JOHN ZACH
    Assistant United States Attorney

MATHEW MARI
MATTHEW ROSENBLUM
    Attorney for Defendant

ALSO PRESENT:  CHRISTOPHER McKEOGH, FBI

1                  (In open court)

2             THE DEPUTY CLERK:  For the administration of a plea,

3    United States of America v. Anthony Guarino.

4             Government ready?

5             MR. ZACH:  It is.

6             Good afternoon, your Honor.

7             John Zach for the government.

8             With me is Chris McKeogh of the FBI.

9             THE DEPUTY CLERK:  Defendant present and ready to

10   plead?

11            MR. MARI:  Your Honor, for the defendant, Mathew Mari,

12   M-A-R-I.  And with me, your Honor, as co-counsel is Matthew

13   Rosenblum, who is admitted in this district and in the Eastern

14   District.  He practices in Suffolk County.  He is also

15   Mr. Guarino's brother-in-law, and he's been helping me on this

16   case with the paperwork.  He will be submitting a sentencing

17   memorandum and a motion for downward departure before the

18   sentence.  And I'd like to introduce him for the Court.  It's

19   his first appearance today.

20            MR. ROSENBLUM:  Good afternoon, your Honor.

21            Thank you.

22            THE COURT:  Just a minute, please.

23            Is this Mr. Mari?

24            MR. MARI:  Yes, your Honor.

25            THE COURT:  All right.

1              What is the application?
2              MR. MARI:  Judge, my application is that the defendant
3    wishes to withdraw his previously-entered pleas of not guilty
4    and to enter a plea of guilty to Count One of the indictment,
5    which is conspiracy to commit securities fraud.
6              THE COURT:  Can I question your client?
7              MR. MARI:  Yes, your Honor.
8              THE COURT:  All right.
9              Mr. Guarino, how old are you?
10             THE DEFENDANT:  56, your Honor.
11             THE COURT:  And you are represented here by your
12   attorney, Mathew Mari; is that right?
13             THE DEFENDANT:  I am, your Honor.  That's right.
14             THE COURT:  Am I saying it -- or is it Mari?
15             MR. MARI:  That's correct, Judge.
16             THE COURT:  Are you satisfied with Mr. Mari's
17   representation and his advice?
18             THE DEFENDANT:  I am, your Honor.
19             THE COURT:  Are you under the influence of any alcohol
20   or narcotics as you stand here?
21             THE DEFENDANT:  No, sir.
22             THE COURT:  Have you been subjected to any force or
23   any threats to get you to plead guilty?
24             THE DEFENDANT:  No, sir.
25             THE COURT:  Did you sign a plea agreement today?

C98VGUAP                         Plea

1            THE DEFENDANT:  I did, your Honor.

2            THE COURT:  Mr. Mari, did you sign it also?

3            MR. MARI:  Yes, your Honor.

4            THE COURT:  Now, of course, I know that Mr. Mari has

5    gone over the charges with you, and I'm not going to try to go

6    into a lot of detail, but Count One in here charges the sale of

7    securities on the basis of certain fraudulent representations.

8    That's the essence of it, and you know that, right?

9            THE DEFENDANT:  I do, your Honor.

10           THE COURT:  Now, I'm not going to attempt at this time

11   to discuss the details of the plea agreement, but I am obliged

12   to point out what the applicable statute provides as far as the

13   potential sentence for this -- what is charged in Count One.

14           Do you understand that anyone convicted of the crime

15   charged in Count One can, according to the statute, be

16   sentenced to a prison term of up to five years?

17           THE DEFENDANT:  I do, your Honor.

18           THE COURT:  And following such imprisonment, if a

19   prison term is imposed, there can be a supervised release term

20   of up to three years.

21           Do you understand that?

22           THE DEFENDANT:  I do, your Honor.

23           THE COURT:  Under the statute, anyone convicted of

24   this crime can be fined $250,000 or even more.  Do you

25   understand that?

C98VGUAP                        Plea

1        THE DEFENDANT:  I do, your Honor.

2        THE COURT:  In addition to any other feature of the
3   sentence, $100 special mandatory assessment must be paid.

4        Do you understand that?

5        THE DEFENDANT:  I do.

6        THE COURT:  And Count One of the indictment contains
7   allegations about forfeiture, and you're aware of those, right?

8        THE DEFENDANT:  I am, your Honor.

9        THE COURT:  Do you understand that it is up to me to
10  decide what sentence is to be imposed if you plead guilty; and
11  I can make no decision on the sentence, nor can I impose the
12  sentence today and all; that awaits a future time when I've had
13  an opportunity to become thoroughly acquainted with the plea
14  agreement and the rules and other legal considerations about
15  the sentence.  I also need a report about your background and
16  we need to hear from counsel and from you.  And none of that
17  can be done this afternoon.

18       Do you understand that?

19       THE DEFENDANT:  I do.

20       THE COURT:  Has any promise been made to you as to the
21  exact sentence that I will impose?

22       THE DEFENDANT:  No, sir.

23       THE COURT:  All right.

24       Now, I want to ask you some questions to make sure you
25  understand the rights you are giving up by pleading guilty.

1           Do you understand that you do not need to plead
2    guilty; you can maintain a plea of not guilty and go to trial;
3    you have a right to do that.
4           Do you understand that?
5           THE DEFENDANT:  Yes, sir.
6           THE COURT:  And at that trial, you'd have a right
7    to -- the government can obtain a conviction only by proving
8    your guilt to a jury by proof beyond a reasonable doubt.
9           Do you understand that?
10          THE DEFENDANT:  I do.
11          THE COURT:  And at that trial, you'd have a right to
12   an attorney.  You'd have the right to an attorney at the trial
13   and on any appeal, and you'd have the right to have the
14   government pay for your attorney if time came you could not pay
15   for one yourself.
16          Do you understand that?
17          THE DEFENDANT:  I do.
18          THE COURT:  And at that trial, which you'd have a
19   right to -- your attorney would have the right to cross-examine
20   all government witnesses and obtain a court order to bring in
21   any witnesses who might assist you.
22          Do you understand that?
23          THE DEFENDANT:  I do.
24          THE COURT:  You, yourself, would have a right to
25   remain silent; you wouldn't have to confess anything; you

C98VGUAP                        Plea

1    wouldn't be required to testify at all.
2             Do you understand that?
3             THE DEFENDANT:  Yes, sir.
4             THE COURT:  But, if you plead guilty, there will be no
5    trial; you'll be convicted on the basis of your own plea and
6    your own admission, and you'll need to tell me in your own
7    words what you did to commit the offense charged here, and
8    you'll need to make all statements in that regard truthfully or
9    else you'll be guilty of a new crime of perjury or false
10   statement.
11            Do you understand that?
12            THE DEFENDANT:  I do, your Honor.
13            THE COURT:  Now, if you still wish to plead guilty,
14   would you tell me in your own words what you did to commit the
15   offense that is charged here.
16            THE DEFENDANT:  Beginning in 2002 through 2010, I was
17   directly involved in the sale of securities of Real Care
18   Corporation.  I never disclosed or even lied about the amount
19   of commissions we received that were 40 and 50 percent.  I also
20   agreed with others to hide the commissions from my office in
21   New York.
22            THE COURT:  Is that a sufficient allocution?
23            I think it is.
24            MR. ZACH:  Yes, your Honor.
25            THE COURT:  And the defense?

C98VGUAP                        Plea

1           Do you believe it's a sufficient allocution?
2           MR. MARI:  Yes, your Honor.
3           THE COURT:  I agree.
4           I accept the plea; find that it's factually-based and
5    voluntary.
6           And sentence is set for Thursday, December 6, 2012 at
7    4:30 in the afternoon.
8           MR. MARI:  Correct, your Honor.
9           THE COURT:  Is there anything else?
10          MR. MARI:  No.
11          MR. ZACH:  Judge, can I put something on the record
12   really quickly?
13          I just wanted to note that in the plea agreement that
14   there is a waiver of appeal provision; that if he is sentenced
15   to a sentence within or below the guidelines set forth in the
16   plea agreement, that he waives his right to appeal.
17          THE COURT:  You understand that, Mr. Guarino?
18          THE DEFENDANT:  Yes, sir.
19          THE COURT:  Very good.
20          Thank you.
21          MR. MARI:  Thank you, Judge.
22                          *    *    *
23
24
25