U.S. Department of Justice

*United States Attorney*
*Southern District of New York*
The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

April 26, 2016

**BY ECF**

The Honorable Thomas P. Griesa
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    United States v. Anthony Guarino, 10 Cr. 476 (TPG)

Dear Judge Griesa:

    The Government writes in response to the defendant's motion, filed December 9, 2015, requesting that the Court recommend to the Bureau of Prisons ("BOP") that the defendant receive twelve months of placement in a Residential Re-entry Center ("RRC") prior to the conclusion of his term of imprisonment. See Dkt. 301 ("Def. Mot."). For the reasons stated below, the Government takes no position with respect to the motion.

**I.    Background**

    On August 7, 2012, the defendant pled guilty to one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371. See Dkt. 202. That charge related to the defendant's role as the head of a boiler room operation that defrauded unwary investors over the course of an approximate ten-year period. On March 1, 2013, the Court sentenced the defendant principally to a term of 46 months' imprisonment. According to information obtained from the BOP, the defendant is scheduled to be released on June 29, 2017.

**II.    The Defendant's December 9, 2015 Motion**

    The defendant now asks this Court to make a recommendation to the BOP that he receive the maximum twelve-month term in an RRC, based on the progress he has made in "turn[ing] around his life," see Def. Mot. 2, and in order for him to care for his wife, who is ill and in need of care as she recovers from surgery, see id. at 3.

       The BOP is directed by statute, "to the extent practicable, [to] ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community," including by placing a prisoner in a "community correctional facility." 18 U.S.C. § 3624(c)(1). In addition, based on the same authority, a prisoner may be placed in "home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2).

       As the defendant himself acknowledges, see Def. Mot. 3, while a court imposing sentence may "recommend[] a type of penal or correctional facility as appropriate," 18 U.S.C. § 3621(b)(4)(B), such a recommendation does not bind the BOP, and a defendant's placement is ultimately left to the BOP's discretion. See 18 U.S.C. § 3621(b)(5) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."); see also Levine v. Apker, 455 F.3d 71, 83 (2d Cir. 2006) ("The BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility"); United States v. Accardi, 11 Cr. 12 (RMB), 2013 WL 1903559, at *1 (S.D.N.Y. May 7, 2013) ("[L]aws and regulations governing the placement of prisoners within the BOP system grant the BOP broad discretion over inmate placement, and permit the BOP to make placement decisions in light of available resources . . . . [T]he BOP retains discretion . . . to decide whether and when an inmate should be placed at an RRC.") (internal quotation marks and citations omitted); Daraio v. Lappin, 08 Civ. 1812 (MRK), 2009 WL 303995, at * 6 (D. Conn. Feb. 9, 2009) ("[T]he BOP retains discretion . . . to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors."); United States v. Balis, 03 Cr. 1028 (GEL), 2007 WL 4116166, at *3 (S.D.N.Y. Nov. 16, 2007) ("[I]t is the very premise of Levine, and of 18 U.S.C.§ 3621(b), to give the BOP maximum scope to *exercise* its expertise and discretion on an individualized basis, to determine the best placement for each individual prisoner . . . . ") (emphasis in original). Furthermore, any challenge to the BOP's decision regarding an inmate's RRC placement is properly brought as a petition for habeas corpus under 18 U.S.C. § 2241, and only after an inmate has exhausted his administrative remedies. See, e.g., Levine, 455 F.3d at 77-78; Rosenthal v. Killian, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009); Balis, 2007 WL 4116166, at *2 (citing Adams v. United States, 372 F.3d 132, 134-35 (2d Cir. 2004)).

Nevertheless, the defendant asks only that this Court make a nonbinding "recommendation" to the BOP regarding his placement in an RRC. In support of that request, he points to a handful of out-of-Circuit cases that acknowledge a district court's "authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time . . . ." United States v. Ceballos, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (holding that such a recommendation is not a final order from which an appeal can be taken); see also Martin v. United States, No. 05-17, 2008 WL 3546433, at *1-2 (W.D. Pa. Aug. 12, 2008) (declining to make such a recommendation where the court was "not in a position to evaluate whether defendant me[]t[] the requirements for placement in any type of facility," but acknowledging that "[t]he government . . . recognizes that the court is permitted to make a non-binding recommendation to the Bureau of Prisons on behalf of defendant"); Iacaboni v. United States, 251 F. Supp. 2d 1015, 1017 (D. Mass. 2003) ("[R]ecommendations to community confinement have been made in thousands of cases to hundreds of judges since at least 1965 . . . ."). The defendant also points to one case, United States v. Baker, in which the court made the sort of non-binding recommendation the defendant here seeks, in response to a similar motion. See 01 Cr. 94-01-MHT, 2013 WL 355867 (M.D. Ala. Jan. 29, 2013).

In light of the circumstances surrounding the defendant's wife's illness, as well as the application of the relevant statutory factors to the defendant, the BOP may determine, in its discretion, that placing the defendant in an RRC for a full year is appropriate. The Government has no objection to such a decision, should the BOP so decide. As to this Court's decision whether to make a nonbinding "recommendation" to the BOP, the Government, lacking sufficient information regarding each of the statutory factors that the BOP is instructed to consider in placement decisions, is not in a position to weigh in on that assessment.

### III. Conclusion

For the foregoing reasons, the Government respectfully declines to take a position with respect to the defendant's motion.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Elizabeth A. Hanft
Assistant United States Attorney
(212) 637-2334

cc: All counsel of record (by ECF)